UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-3934-MMM (KK)** | Date: | August 9, 2017 |
|---|---|---|---|

Title: ***Lavontahe Brown v. M. Biter***

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **Order Requiring Response Regarding California Supreme Court Habeas Petition**

On April 31, 2014, Petitioner constructively filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). ECF Docket No. ("Dkt.") 1. The Petition appeared to contain two claims, one of which Petitioner conceded was unexhausted. Id. at 5-6, 12-13, 49-59

On October 27, 2014, the Court granted Petitioner a Kelly stay to exhaust the Petition's unexhausted claim: Whether the trial court erred when it refused to instruct the jury on assault with a deadly weapon ("Unexhausted Claim"). Dkts. 13; 1 at 5, 49-59. Despite multiple orders to update the Court on the status of Petitioner's exhaustion efforts, Petitioner has repeatedly failed to provide the Court with the requested information. Nevertheless, according to the Court's review of the California Courts website, it appears Petitioner filed a state habeas petition in the California Supreme Court on April 17, 2017 and that the California Supreme Court denied the petition on June 28, 2017. See California Courts, Appellate Courts Case Information, Docket (Aug. 8, 2017, 10:03 AM) http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2190896&doc_no=S241294&search=party&start=1.

Petitioner is, therefore, ordered to file a response in writing no later than **August 29, 2017** notifying the Court whether his Unexhausted Claim is now exhausted pursuant to one of the following two options:

**Option A:** If the April 17, 2017 state habeas petition in the California Supreme Court *included* Petitioner's Unexhausted Claim, Petitioner must advise this Court of the California Supreme Court's decision. Petitioner must also (1) request that this Court lift the Kelly stay and (2) file a motion to amend the Petition to include the newly exhausted claim.

**Option B:** If the April 17, 2017 state habeas petition in the California Supreme Court *did not include* Petitioner's unexhausted claim, Petitioner is once again ordered to respond to the Court's August 2, 2016 Order to Show Cause Why Kelly Stay Should Not Be Vacated For Failure to File a Status Report ("OSC") and inform the Court of the status of his exhaustion efforts in state court. Petitioner is cautioned if it appears to the Court that he has abandoned his efforts to exhaust the Unexhausted Claim, the Court may lift the Kelly stay and prohibit Petitioner from amending the Petition to raise any additional claims in this action.

**Petitioner is expressly warned that failure to timely file a response to this Order will result in the Kelly stay being lifted, Petitioner being prohibited from amending the Petition to raise any additional claims in this action, and/or this action being dismissed with prejudice for his failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**

**IT IS SO ORDERED.**

**CIVIL MINUTES—GENERAL**          Initials of Deputy Clerk ___